

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30246 |
| Plaintiff-Appellee, | D.C. No.<br>1:18-cr-00031-SPW-1 |
| v. | |
| STEVEN WAYNE PHILLIPS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted October 30, 2020[**]
Portland, Oregon

Before: GRABER, CLIFTON, and IKUTA, Circuit Judges.

Defendant Steven Wayne Phillips timely appeals the denial of his motion to

suppress evidence following his conditional guilty plea to possessing a firearm not

registered to him in the National Firearms Registration and Transfer Record, in

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

violation of 26 U.S.C. § 5861(d). We have jurisdiction under 28 U.S.C. § 1291. Reviewing the district court's denial of the motion to suppress de novo and its underlying factual findings for clear error, we affirm. *See United States v. Lara*, 815 F.3d 605, 608 (9th Cir. 2016).

Like a *Terry* stop, a traffic stop is a brief encounter, the permissible duration of which is determined by the "mission" of the stop. *Rodriguez v. United States*, 575 U.S. 348, 354 (2015). The mission of a traffic stop is limited to addressing the violation that warranted the stop and addressing safety concerns. *Id*. Authority for a stop ends "when tasks tied to the traffic infraction are—or reasonably should have been—completed." *Id*. Tasks that are unrelated to the traffic stop, including dog sniffs, are unlawful if they prolong the stop and are not otherwise supported by independent, reasonable suspicion of wrongdoing. *Id*. at 357–58.

Reasonable suspicion is "a particularized and objective basis for suspecting the particular person stopped of criminal activity" and should be evaluated in light of the totality of the circumstances. *United States v. Cortez*, 449 U.S. 411, 417–18 (1981).

Montana Highway Patrol Trooper Kristy Kees stopped Phillips' vehicle for an expired registration. While inspecting the Vehicle Identification Number, Trooper Kees noticed three pill bottles in the driver's side door pocket with

information blacked out. After running Phillips' information, dispatch reported that Phillips had prior drug charges. Approximately thirteen minutes into the stop, Trooper Joshua French arrived at the scene and identified some of the pills in one of the bottles as Adderall. Adderall is a schedule II controlled substance in Montana. Mont. Code Ann. § 50-32-224. Possession of Adderall without a lawful order of a practitioner constitutes criminal possession of a dangerous drug. Mont. Code Ann. §§ 45-9-102, 50-32-101, 50-32-302. Trooper Kees noted that Phillips' eyes were bloodshot, he had rotten and missing teeth, and his face appeared more "gaunt and hollowed out" than the picture on his driver's license, characteristics she believed might indicate methamphetamine use. Trooper Kees also noted that Phillips appeared to be nervous, speaking slowly, and mumbling.

In light of the totality of those circumstances, Trooper Kees had an independent, particularized, and objective basis for suspecting that Phillips was involved in criminal activity—possession of a dangerous drug under Montana law—and might have other illegal drugs in his vehicle. *See Cortez*, 449 U.S. at 417–18.

Although Trooper Kees could have called for a canine unit sooner, the length of Phillips' detention was reasonable. The prolongation of the stop resulted from Trooper Kees' attempts to confirm or dispel her suspicions of criminal

3

activity in other ways, including, by conducting Standardized Field Sobriety Tests, attempting to verify Phillips' story with a third party, and seeking consent to search Phillips' vehicle. *See United States v. Sharpe*, 470 U.S. 675, 686–87 (1985) (explaining that, in determining whether a stop based on reasonable suspicion was too long in duration, the question is not whether some other investigative alternative was available, but whether the officers acted unreasonably in failing to pursue the alternative).

Trooper Kees had independent reasonable suspicion to extend Phillips' stop and the duration of the stop was not unreasonable.

**AFFIRMED.**